FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 1 2 2011

IN THE UNITED STATES DISTRICT COURT

Stephan Harris, Clerk
Cheyenne

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. **10-CR-00329-F** |
| ) | |
| Plaintiff, ) | **Ct. 1: 21 U.S.C. §§ 846 and 841 (a)(1) and** |
| ) | **(b)(1)(A)** |
| v. ) | (Conspiracy to Possess with Intent to |
| ) | Distribute, and to Distribute, |
| **ROBERT VELASQUEZ, JR.** ) | Methamphetamine) |
| (Cts. 1, 2, 3, 5 and 6) ) | |
| ) | **Ct. 2: 18 U.S.C. §§ 1956 (a)(1)(A)(i) and** |
| **RAYMUNDO CORREA,** ) | **1956(h)** |
| aka "Ray-Ray" ) | (Conspiracy to Launder Money) |
| (Cts. 1 and 2) ) | |
| ) | **Ct. 3: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)** |
| ) | (Distribution of Methamphetamine) |
| **MIGUEL ANGEL ORDAZ,** ) | |
| aka "Isaias Rivera", ) | **Ct. 4: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)** |
| aka "Tomas Hueso, Jr." ) | (Possession with Intent to Distribute |
| (Cts. 1, 2, 10, 11, 12, 13 and 14) ) | Methamphetamine) |
| ) | |
| ) | **Cts. 5, 6, 7, 8, 9, 10, 12:** |
| **DANIEL GEORGE RENTERIA,** ) | **18 U.S.C. § 924(c)(1)** |
| aka "Noe", aka "William Esquivel" ) | (Possess a Firearm in Furtherance of |
| (Cts. 1, 2 and 9) ) | a Drug Trafficking Crime) |
| ) | |
| **KIMBERLY MARIE PERKINS,** ) | **Ct. 11: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)** |
| (Cts. 1 and 2) ) | (Possession with Intent to Distribute |
| ) | Methamphetamine) |
| **JOHN MICHAEL MORGAN,** ) | |
| (Cts. 1, 2, 4, 7 and 8) ) | **Ct. 13: 18 U.S.C. § 924(c)(1)(B)(ii)** |
| ) | (Possessing a Machinegun in |
| **ALEX GARCIA, JR., aka "Hondo",** ) | Furtherance of a Drug Trafficking |
| (Cts. 1 and 2) ) | Crime) |
| ) | |
| **DANNY HERNANDEZ** ) | **Ct. 14: 26 U.S.C. §§ 5841, 5845(a), 5861(d)** |
| (Ct. 1) ) | **and 5871** |
| ) | (Possession of a Firearm Not Registered |
| Defendants. ) | in the National Firearms Registration |
| | and Transfer Record) |

## S U P E R S E D I N G   I N D I C T M E N T

THE GRAND JURY CHARGES THAT:

## COUNT ONE

From on or about February, 2007, through and including the return of this superseding indictment, in the District of Wyoming and elsewhere, the Defendants herein, **ROBERT VELASQUEZ, JR.**, **RAYMUNDO CORREA, aka "Ray-Ray", MIGUEL ANGEL ORDAZ, aka "Isaias Rivera", aka "Tomas Hueso, Jr.", DANIEL GEORGE RENTERIA, aka "Noe", aka "William Esquivel", KIMBERLY MARIE PERKINS**, **JOHN MICHAEL MORGAN, ALEX GARCIA, JR., aka "Hondo",** and **DANNY HERNANDEZ**, did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree with each other, and with other individuals known and unknown to the grand jury, to possess with intent to distribute, and to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).

## COUNT TWO

From on or about May 27, 2009, through and including May 10, 2010, in the District of Wyoming and elsewhere, the Defendants herein, **ROBERT VELASQUEZ, JR.**, **RAYMUNDO CORREA, aka "Ray-Ray", MIGUEL ANGEL ORDAZ, aka "Isaias Rivera", aka "Tomas Hueso, Jr.", DANIEL GEORGE RENTERIA, aka "Noe", aka "William Esquivel", KIMBERLY MARIE PERKINS**, **JOHN MICHAEL MORGAN,** and **ALEX GARCIA, JR., aka "Hondo"**, did knowingly, intentionally, and unlawfully combine, conspire, confederate and

2

agree with each other, and with other persons known and unknown to the grand jury, to conduct and attempt to conduct financial transactions involving the proceeds of specified unlawful activities, to wit: the sale and distribution of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. § 801 *et. seq.*, while knowing that the property involved in said transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of the specified unlawful activity.

In violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h).

## COUNT THREE

On or about January 21, 2010, in the District of Wyoming, the Defendant, **ROBERT VELASQUEZ, JR.**, did knowingly, intentionally and unlawfully distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C).

## COUNT FOUR

On or about July 21, 2010, in the District of Wyoming, the Defendant herein, **JOHN MICHAEL MORGAN,** did knowingly, intentionally, and unlawfully possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

3

### COUNT FIVE

From on or about February, 2007, through and including on or about March 3, 2010, in the District of Wyoming, the Defendant, **ROBERT VELASQUEZ, JR.,** did knowingly possess firearms in furtherance of a federal drug trafficking crime, namely, conspiracy to possess with intent to distribute, and to distribute, methamphetamine, as more fully alleged in Count One of this superseding indictment.

In violation of 18 U.S.C. § 924(c)(1).

### COUNT SIX

On or about January 21, 2010, in the District of Wyoming, the Defendant, **ROBERT VELASQUEZ, JR.,** did knowingly possess a firearm in furtherance of a federal drug trafficking crime, namely, distribution of methamphetamine, as more fully alleged in Count Three of this superseding indictment.

In violation of 18 U.S.C. § 924(c)(1).

### COUNT SEVEN

From on or about February, 2007, through and including on or about September 2, 2010, in the District of Wyoming, the Defendant, **JOHN MICHAEL MORGAN,** did knowingly possess firearms in furtherance of a federal drug trafficking crime, namely, conspiracy to possess with intent to distribute, and to distribute, methamphetamine, as more fully alleged in Count One of this superseding indictment.

In violation of 18 U.S.C. § 924(c)(1).

4

## COUNT EIGHT

On or about July 21, 2010, in the District of Wyoming, the Defendant, **JOHN MICHAEL MORGAN,** did knowingly possess a firearm in furtherance of a federal drug trafficking crime, namely, possession with intent to distribute methamphetamine, as more fully alleged in Count Four of this superseding indictment.

In violation of 18 U.S.C. § 924(c)(1).

## COUNT NINE

From on or about February, 2007, through and including the return of this indictment, in the District of Wyoming, the Defendant, **DANIEL GEORGE RENTERIA, aka "Noe", aka "William Esquivel",** did knowingly possess firearms in furtherance of a federal drug trafficking crime, namely, conspiracy to possess with intent to distribute, and to distribute, methamphetamine, as more fully alleged in Count One of this superseding indictment.

In violation of 18 U.S.C. § 924(c)(1).

## COUNT TEN

From on or about February, 2007, through and including the return of this indictment, in the District of Wyoming, the Defendant, **MIGUEL ANGEL ORDAZ, aka "Isaias Rivera", aka "Tomas Hueso, Jr.",** did knowingly possess firearms in furtherance of a federal drug trafficking crime, namely, conspiracy to possess with intent to distribute, and to distribute, methamphetamine, as more fully alleged in Count One of this superseding indictment.

In violation of 18 U.S.C. § 924(c)(1).

5

## COUNT ELEVEN

On or about November 22, 2010, in the District of Wyoming, the Defendant herein, **MIGUEL ANGEL ORDAZ, aka "Isaias Rivera", aka "Tomas Hueso, Jr."**, did knowingly, intentionally, and unlawfully possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

## COUNT TWELVE

On or about November 22, 2010, in the District of Wyoming, the Defendant, **MIGUEL ANGEL ORDAZ, aka "Isaias Rivera", aka "Tomas Hueso, Jr."**, did knowingly possess firearms, to wit: an SKS rifle, SN 1516987; a Rossi Trifecta rifle/shotgun, SN 52022243YBS; a Taurus PT 1911, .38 Super, SN BW75943; a Stevens model 200, .308, SN G601459; and a Taurus PT 92 AFS, SN TA047072, in furtherance of a federal drug trafficking crime, namely, possession with intent to distribute methamphetamine, as more fully alleged in Count Eleven of this superseding indictment.

In violation of 18 U.S.C. § 924(c)(1).

## COUNT THIRTEEN

On or about November 22, 2010, in the District of Wyoming, the Defendant, **MIGUEL ANGEL ORDAZ, aka "Isaias Rivera", aka "Tomas Hueso, Jr."**, did knowingly, intentionally, and unlawfully possess a machinegun in furtherance of a federal drug trafficking crime, namely,

6

conspiracy to possess with intent to distribute, and to distribute, methamphetamine, as more fully

alleged in Count One of this superseding indictment.

In violation of 18 U.S.C. § 924(c)(1)(B)(ii).

## COUNT FOURTEEN

On or about November 22, 2010, in the District of Wyoming, the Defendant, **MIGUEL**

**ANGEL ORDAZ, aka "Isaias Rivera", aka "Tomas Hueso, Jr."**, knowingly possessed a firearm

as defined by 26 U.S.C. § 5845(a), that is, an MP 5 style, 9 millimeter machinegun, which said

firearm was not registered to him in the National Firearms Registration and Transfer Record.

In violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d) and 5871.

A TRUE BILL:

FOREPERSON

CHRISTOPHER A. CROFTS
United States Attorney

7

## PENALTY SUMMARY

**DATE:**                 January 11, 2011

**DEFENDANT NAME:**   **ROBERT VELASQUEZ, JR.**

**VICTIM:**               No

**OFFENSE AND PENALTIES**:

OFFENSE:   **Ct. 1:**   **21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)**
(Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine)

PENALTIES:   NLT 10 YEARS TO LIFE IMPRISONMENT
NMT $4,000,000 FINE
NLT 5 YEARS TO LIFE SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:   **Ct. 2:**   **18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h)**
(Conspiracy to Launder Money)

PENALTIES:   NLT 10 YEARS TO LIFE IMPRISONMENT
NMT $4,000,000 FINE
NLT 5 YEARS TO LIFE SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:   **Ct. 3:**   **21 U.S.C. §§ 841(a)(1) and (b)(1)(C)**
(Distribution of Methamphetamine)

PENALTIES:   NMT 20 YEARS IMPRISONMENT
NMT $1,000,000 FINE
NLT 3 YEARS TO LIFE SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:   **Ct. 5**:   **18 U.S.C. § 924(c)(1)**
(Possess a Firearm in Furtherance of a Drug Felony)

PENALTIES:   NLT 5 YEARS TO LIFE CONSECUTIVE IMPRISONMENT
NMT $250,000 FINE
NLT 5 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:    **Ct. 6**:    **18 U.S.C. § 924(c)(1)**
                          (Possess a Firearm in Furtherance of a Drug Felony)

PENALTIES:                NLT 25 YEARS TO LIFE CONSECUTIVE IMPRISONMENT
                          NMT $250,000 FINE
                          NLT 5 YEARS SUPERVISED RELEASE
                          $100 SPECIAL ASSESSMENT

**TOTALS:**               NLT 40 YEARS TO LIFE IMPRISONMENT
                          NMT $9,500,000 FINE
                          NLT 5 YEARS TO LIFE SUPERVISED RELEASE
                          $500 SPECIAL ASSESSMENT

**AGENT:**    Mike Hall, DCI
              Travis Harnish, DCI

**AUSA:**     Stuart S. Healy, III

**ESTIMATED TIME OF TRIAL:**          **INTERPRETER NEEDED:**

✓   five days or less                 ___   Yes
___ over five days                    ✓     No
___ other

**THE GOVERNMENT:**

✓   will                              ___   The court should not grant bond
                                            because the defendant is not bondable
___ will not                                because there are detainers from other
                                            jurisdictions

**SEEK DETENTION IN THIS CASE.**

## PENALTY SUMMARY

**DATE:**                         January 11, 2011

**DEFENDANT NAME:**       **Raymundo Correa, aka "Ray-Ray"**

**VICTIM:**                       No

**OFFENSE AND PENALTIES**:

OFFENSE:    **Ct. 1:**     **21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)**
(Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine)

PENALTIES:                NLT 10 YEARS TO LIFE IMPRISONMENT
NMT $4,000,000 FINE
NLT 5 YEARS TO LIFE SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:    **Ct. 2:**     **18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h)**
(Conspiracy to Launder Money)

PENALTIES:                NLT 10 YEARS TO LIFE IMPRISONMENT
NMT $4,000,000 FINE
NLT 5 YEARS TO LIFE SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**TOTALS:**                   NLT 10 YEARS TO LIFE IMPRISONMENT
NMT $8,000,000 FINE
NLT 5 YEARS TO LIFE SUPERVISED RELEASE
$200 SPECIAL ASSESSMENT

**AGENT:**      Mike Hall, DCI
Travis Harnish, DCI

**AUSA:**       Stuart S. Healy, III

**ESTIMATED TIME OF TRIAL:**            **INTERPRETER NEEDED:**

 ✓  five days or less                        ___  Yes
___  over five days                        ✓  No
___  other

**THE GOVERNMENT:**

_✓_ will

____ will not

**SEEK DETENTION IN THIS CASE.**

____ The court should not grant bond because the defendant is not bondable because there are detainers from other jurisdictions

## PENALTY SUMMARY

**DATE:**                    January 11, 2011

**DEFENDANT NAME:**    **Miguel Angel Ordaz, aka Isaias Rivera, aka Tomas Hueso, Jr.**

**VICTIM:**                 No

**OFFENSE AND PENALTIES**:

OFFENSE:    **Ct. 1:**    **21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)**
                                (Conspiracy to Possess with Intent to Distribute, and to Distribute,
                                Methamphetamine)

PENALTIES:                NLT 10 YEARS TO LIFE IMPRISONMENT
                                NMT $4,000,000 FINE
                                NLT 5 YEARS TO LIFE SUPERVISED RELEASE
                                $100 SPECIAL ASSESSMENT

OFFENSE:    **Ct. 2:**    **18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h)**
                                (Conspiracy to Launder Money)

PENALTIES:                NLT 10 YEARS TO LIFE IMPRISONMENT
                                NMT $4,000,000 FINE
                                NLT 5 YEARS SUPERVISED RELEASE
                                $100 SPECIAL ASSESSMENT

OFFENSE:    **Ct. 10**:    **18 U.S.C. § 924(c)(1)**
                                (Possess a Firearm in Furtherance of a Drug Trafficking Crime)

PENALTIES:                NLT 5 YEARS TO LIFE CONSECUTIVE IMPRISONMENT
                                NMT $250,000 FINE
                                NLT 5 YEARS SUPERVISED RELEASE
                                $100 SPECIAL ASSESSMENT

OFFENSE:    **Ct. 11**:    **21 U.S.C. § 841(a)(1) and (b)(1)(B)**
                                (Possession with Intent to Distribute Methamphetamine)

PENALTIES:                5 - 40 YEARS IMPRISONMENT
                                NMT $2,000,000 FINE
                                NLT 4 YEARS SUPERVISED RELEASE
                                $100 SPECIAL ASSESSMENT

| | | |
|---|---|---|
| OFFENSE: | **Ct. 12**: | **18 U.S.C. § 924(c)(1)**<br>(Possess a Firearm in Furtherance of a Drug Trafficking Crime) |

PENALTIES:           NLT 25 YEARS TO LIFE CONSECUTIVE IMPRISONMENT
                     NMT $250,000 FINE
                     NLT 5 YEARS SUPERVISED RELEASE
                     $100 SPECIAL ASSESSMENT

| | | |
|---|---|---|
| OFFENSE: | **Ct. 13**: | **18 U.S.C. § 924(c)(1)(B)(ii)**<br>(Possessing a Machinegun in Furtherance of a Drug Trafficking Crime) |

PENALTIES:           NLT 30 YEARS TO LIFE CONSECUTIVE IMPRISONMENT
                     NMT $250,000 FINE
                     NLT 5 YEARS SUPERVISED RELEASE
                     $100 SPECIAL ASSESSMENT

| | | |
|---|---|---|
| OFFENSE: | **Ct. 14**: | **26 U.S.C. §§ 5841, 5845(a), 5861(d) and 5871**<br>(Possession of a Firearm Not Registered in the National Firearms Registration and Transfer Record) |

PENALTIES:           NMT 10 YEARS IMPRISONMENT
                     NMT $250,000 FINE
                     NLT 3 YEARS SUPERVISED RELEASE
                     $100 SPECIAL ASSESSMENT

**TOTALS:**           NLT 70 YEARS TO LIFE IMPRISONMENT
                     NMT $11,000,000 FINE
                     NLT 5 YEARS TO LIFE SUPERVISED RELEASE
                     $700 SPECIAL ASSESSMENT

**AGENT:**    Mike Hall, DCI
              Travis Harnish, DCI

**AUSA:**    Stuart S. Healy, III

## ESTIMATED TIME OF TRIAL:           INTERPRETER NEEDED:

✓ five days or less                   ___ Yes
___ over five days                    ✓ No
___ other

**THE GOVERNMENT:**

   _✓_  will

   ____  will not

**SEEK DETENTION IN THIS CASE.**

   ____  The court should not grant bond because the defendant is not bondable because there are detainers from other jurisdictions

## PENALTY SUMMARY

**DATE:**                      January 11, 2011

**DEFENDANT NAME:**            **Daniel George Renteria, aka "Noe," aka William Esquivel**

**VICTIM:**                    No

### OFFENSE AND PENALTIES:

OFFENSE:   **Ct. 1:**   **21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)**
                       (Conspiracy to Possess with Intent to Distribute, and to Distribute,
                       Methamphetamine)

PENALTIES:             NLT 10 YEARS TO LIFE IMPRISONMENT
                       NMT $4,000,000 FINE
                       NLT 5 YEARS TO LIFE SUPERVISED RELEASE
                       $100 SPECIAL ASSESSMENT

OFFENSE:   **Ct. 2:**   **18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h)**
                       (Conspiracy to Launder Money)

PENALTIES:             NLT 10 YEARS TO LIFE IMPRISONMENT
                       NMT $4,000,000 FINE
                       NLT 5 YEARS SUPERVISED RELEASE
                       $100 SPECIAL ASSESSMENT

OFFENSE:   **Ct. 9**:   **18 U.S.C. § 924(c)(1)**
                       (Possess a Firearm in Furtherance of a Drug Trafficking Crime)

PENALTIES:             NLT 5 YEARS TO LIFE CONSECUTIVE IMPRISONMENT
                       NMT $250,000 FINE
                       NLT 5 YEARS SUPERVISED RELEASE
                       $100 SPECIAL ASSESSMENT

**TOTALS:**             NLT 15 YEARS TO LIFE IMPRISONMENT
                       NMT $8,250,000 FINE
                       NLT 5 YEARS SUPERVISED RELEASE
                       $300 SPECIAL ASSESSMENT

**AGENT:**      Mike Hall, DCI
                Travis Harnish, DCI

**AUSA:**       Stuart S. Healy, III

## ESTIMATED TIME OF TRIAL:          ## INTERPRETER NEEDED:

__✓__ five days or less            ____ Yes
____ over five days                __✓__ No
____ other

## THE GOVERNMENT:

__✓__ will                         ____ The court should not grant bond
                                        because the defendant is not bondable
____ will not                           because there are detainers from other
                                        jurisdictions

**SEEK DETENTION IN THIS CASE.**

## PENALTY SUMMARY

**DATE:**                          January 11, 2011

**DEFENDANT NAME:**    **Kimberly Marie Perkins**

**VICTIM:**                       No

**OFFENSE AND PENALTIES**:

OFFENSE:   **Ct. 1:**        **21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)**
                                      (Conspiracy to Possess with Intent to Distribute, and to Distribute,
                                      Methamphetamine)

PENALTIES:                     NLT 10 YEARS TO LIFE IMPRISONMENT
                                      NMT $4,000,000 FINE
                                      NLT 5 YEARS TO LIFE SUPERVISED RELEASE
                                      $100 SPECIAL ASSESSMENT

OFFENSE:   **Ct. 2:**        **18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h)**
                                      (Conspiracy to Launder Money)

PENALTIES:                     NLT 10 YEARS TO LIFE IMPRISONMENT
                                      NMT $4,000,000 FINE
                                      NLT 5 YEARS SUPERVISED RELEASE
                                      $100 SPECIAL ASSESSMENT

**TOTALS:**                     NLT 10 YEARS TO LIFE IMPRISONMENT
                                      NMT $8,000,000 FINE
                                      NLT 5 YEARS TO LIFE SUPERVISED RELEASE
                                      $200 SPECIAL ASSESSMENT

**AGENT:**        Mike Hall, DCI
                        Travis Harnish, DCI

**AUSA:**        Stuart S. Healy, III

**ESTIMATED TIME OF TRIAL:**          **INTERPRETER NEEDED:**

  ✓   five days or less                     ____ Yes
____ over five days                     ✓   No
____ other

**THE GOVERNMENT:**

✓   will

_____   will not

**SEEK DETENTION IN THIS CASE.**

_____   The court should not grant bond
because the defendant is not bondable
because there are detainers from other
jurisdictions

## PENALTY SUMMARY

**DATE:**               January 11, 2011

**DEFENDANT NAME:**     **John Michael Morgan**

**VICTIM:**             No

### OFFENSE AND PENALTIES:

OFFENSE:   **Ct. 1:**   **21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)**
(Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine)

PENALTIES:              NLT 10 YEARS TO LIFE IMPRISONMENT
NMT $4,000,000 FINE
NLT 5 YEARS TO LIFE SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:   **Ct. 2:**   **18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h)**
(Conspiracy to Launder Money)

PENALTIES:              NLT 10 YEARS TO LIFE IMPRISONMENT
NMT $4,000,000 FINE
NLT 5 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:   **Ct. 4:**   **21 U.S.C. §§ 841(a)(1) and (b)(1)(C)**
(Possession with Intent to Distribute Methamphetamine)

PENALTIES:              NMT 20 YEARS TO LIFE IMPRISONMENT
NMT $1,000,000 FINE
NLT 3 YEARS TO LIFE SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:   **Ct. 7:**   **18 U.S.C. § 924(c)(1)**
(Possess a Firearm in Furtherance of a Drug Felony)

PENALTIES:              NLT 5 YEARS TO LIFE CONSECUTIVE IMPRISONMENT
NMT $250,000 FINE
NLT 5 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

OFFENSE:  **Ct. 8**:    **18 U.S.C. § 924(c)(1)**
(Possess a Firearm in Furtherance of a Drug Felony)

PENALTIES:        NLT 25 YEARS TO LIFE CONSECUTIVE IMPRISONMENT
NMT $250,000 FINE
NLT 5 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**TOTALS:**        NLT 40 YEARS TO LIFE CONSECUTIVE IMPRISONMENT
NMT $9,500,000 FINE
NLT 5 YEARS TO LIFE SUPERVISED RELEASE
$500 SPECIAL ASSESSMENT

**AGENT:**    Mike Hall, DCI
Travis Harnish, DCI

**AUSA:**    Stuart S. Healy, III

**ESTIMATED TIME OF TRIAL:**      **INTERPRETER NEEDED:**

✓  five days or less            ____ Yes
____ over five days          ✓  No
____ other

**THE GOVERNMENT:**

✓  will                 ____ The court should not grant bond
                           because the defendant is not bondable
____ will not            because there are detainers from other
                           jurisdictions

**SEEK DETENTION IN THIS CASE.**

## PENALTY SUMMARY

**DATE:**                    January 11, 2011

**DEFENDANT NAME:**    **Alex Garcia, Jr., aka "Hondo"**

**VICTIM:**                  No

### OFFENSE AND PENALTIES:

OFFENSE:  **Ct. 1:**    **21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)**
                              (Conspiracy to Possess with Intent to Distribute, and to Distribute,
                              Methamphetamine)

PENALTIES:              NLT 10 YEARS TO LIFE IMPRISONMENT
                              NMT $4,000,000 FINE
                              NLT 5 YEARS TO LIFE SUPERVISED RELEASE
                              $100 SPECIAL ASSESSMENT

OFFENSE:  **Ct. 2:**    **18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h)**
                              (Conspiracy to Launder Money)

PENALTIES:              NLT 10 YEARS TO LIFE IMPRISONMENT
                              NMT $4,000,000 FINE
                              NLT 5 YEARS TO LIFE SUPERVISED RELEASE
                              $100 SPECIAL ASSESSMENT

**TOTALS:**                NLT 10 YEARS TO LIFE IMPRISONMENT
                              NMT $8,000,000 FINE
                              NMT 5 YEARS TO LIFE SUPERVISED RELEASE
                              $200 SPECIAL ASSESSMENT

**AGENT:**     Mike Hall, DCI
                 Travis Harnish, DCI

**AUSA:**     Stuart S. Healy, III

**ESTIMATED TIME OF TRIAL:**          **INTERPRETER NEEDED:**

  ✓   five days or less                      ___  Yes
  ___ over five days                         ✓   No
  ___ other

**THE GOVERNMENT:**

  ✓   will

  ____   will not

  ____   The court should not grant bond because the defendant is not bondable because there are detainers from other jurisdictions

**SEEK DETENTION IN THIS CASE.**

## PENALTY SUMMARY

**DATE:**                        January 11, 2011

**DEFENDANT NAME:**              **Danny Hernandez**

**VICTIM:**                      No


**OFFENSE AND PENALTIES**:

OFFENSE:   **Ct. 1:**   **21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)**
                        (Conspiracy to Possess with Intent to Distribute, and to Distribute,
                        Methamphetamine)

PENALTIES:              NLT 10 YEARS TO LIFE IMPRISONMENT
                        NMT $4,000,000 FINE
                        NLT 5 YEARS TO LIFE SUPERVISED RELEASE
                        $100 SPECIAL ASSESSMENT


**AGENT:**    Mike Hall, DCI
             Travis Harnish, DCI

**AUSA:**     Stuart S. Healy, III


**ESTIMATED TIME OF TRIAL:**      **INTERPRETER NEEDED:**

_✓_  five days or less            ____  Yes
____  over five days              _✓_  No
____  other


**THE GOVERNMENT:**

_✓_  will              ____  The court should not grant bond
                              because the defendant is not bondable
____  will not                because there are detainers from other
                              jurisdictions

**SEEK DETENTION IN THIS CASE.**