Thomas A. Fleener
Fleener & Vang, LLC
PO Box 1186
Laramie WY 82073
307-460-4333
fax: 866-825-6038

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,   )  | |
| )  | |
| Plaintiff,   )  | |
| )  | |
| v.   )  | No. CR-10-CR-329-F |
| )  | |
| DANIEL GEORGE RENTERIA,   )  | |
| )  | |
| Defendant.   )  | |

**MOTION TO SUPPRESS UNLAWFULLY INTERCEPTED ELECTRONIC AND WIRE COMMUNICATIONS AND MEMORANDUM IN SUPPORT THEREOF**

**COMES NOW**, the Defendant, Daniel George Renteria, by and through his attorney, Thomas Fleener of Fleener and Vang, LLC, and moves the Court for an Order suppressing from use as evidence against him all wiretap evidence or its fruits due to the United States' unlawful interception of electronic communications.  As grounds therefore, the Defendant would show the Court as follows:

On July 7, 2011, then-AUSA Stuart Healy made an Application for Order Authorizing the Interception of Wire Communications ("Application") of telephone number 307.254.2584. This application was supported by an affidavit signed by DCI Special Agent Michael S. Hall.

On August 5, 2011, Mr. Healy sought an additional thirty days to tap the above telephone number.  Both times, the Honorable Alan Johnson authorized the wiretap.

A demonstration of necessity must be made before a wiretap order may lawfully issue.  *United States v. Castillo-Garcia*, 117 F.3d 1179, 1185 (10th Cir. 1997).  A federal judge's review of the required demonstration of necessity is to assure that the invasion into one's private communications is circumscribed, unless the government can clearly demonstrate that other investigative measures are not likely to uncover evidence of criminal wrongdoing.  This is so wiretapping "is not resorted to in situations where traditional investigative techniques would suffice to expose the crime.  *United States v. Kahn*, 415 U.S. 143, 153 (1974).  To assure that this mandate is fulfilled, a court is to "give close scrutiny" to a wiretap application, and must "reject generalized and conclusory statements that other investigative procedures would prove unsuccessful."  *United States v. Lilla*, 699 F.2d 99, 104 (2d Cir. 1983).

Here, the only information supporting the request for a wiretap comes from SA Hall, pursuant to his filed affidavits.  In those affidavits it is clear that the investigation was moving along in this case without impediment.  In fact, even a cursory read of the affidavits reveal nothing that would come close to warranting an invasive wiretap.

SA Hall outlined how his agency had been using ***eight*** confidential informants to gather information against the Defendant and others.  Further, they had conducted well-over a ***dozen*** controlled buys.  Finally, they had used proffers, pole cams, physical surveillance, pen registers and trash searches to support their investigation.  They had already subpoenaed and received information from United Parcel Service as well as Western Union.  Finally, the information they were gathering from the use of these sources was ongoing – there is nothing in the affidavits to suggest that these "traditional" methods of law enforcement information gathering were

providing stale information or not working anymore.

Importantly and uniquely, the Agents' use of confidential informants was not limited to simply providing "background information." These confidential informants were placing recorded telephone calls and text messages to the various suspects. They were also actively engaged in controlled buys. In a nutshell, but for SA Hall's conclusory statements that traditional law enforcement mechanisms "would not succeed in furthering the objectives of the investigation" the entire affidavit is a textbook example of how traditional law enforcement tactics work.

18 U.S.C. § 2518(10)(a) provides that any aggrieved person may move to suppress the contents of any wire or oral communication intercepted on the grounds that the communication was unlawfully intercepted. Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding . . . if the disclosure of that information would be in violation of this chapter. 18 U.S.C. § 2515.

The purpose of this exclusionary rule provided by statute is to not only protect the privacy of one's personal communications but also to insure that the courts do not become partners to illegal conduct. *Gelbard v. United States*, 408 U.S. 41, 51 (1972). Finally, the fruit of the poisonous tree doctrine applies to evidence obtained through the unlawful interception of oral, electronic and wire communications just as it does to evidence obtained as a direct or indirect result of an unlawful search. *United States v. Rice*, 478 F.3d 704, 710 (6th Cir. 2007).

WHEREFORE, the Defendant respectfully requests this Court order a hearing to address this Motion.

DATED this 15th day of May, 2011.

                                             Respectfully submitted,

                                             */s/ Tom Fleener*
                                             Thomas Fleener
                                             Of Fleener & Vang, LLC
                                             Attorneys for Defendant
                                             2523 Garfield, St. D
                                             P.O. Box 1186
                                             Laramie, WY 82073-0971
                                             (307) 460-4333

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing was served on the 15th day of May 2011, by district court electronic submission to all parties.

                                             */s/ Tom Fleener*
                                             Thomas A. Fleener