FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN -7 2011

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT VELASQUEZ, JR, et al.,<br><br>Defendants. | Case No. 10-CR-329-F |

## ORDER ON DEFENDANTS' PRETRIAL MOTIONS

This matter is before the Court upon various pretrial motions by Defendants. At the hearing in this matter the Court acknowledged that all Defendants had joined in all motions of all the other Defendants. The Court having reviewed the pleadings, heard oral argument and being fully informed in the premises, FINDS and ORDERS as follows:

**A. Defendant Renteria's Motion for Production of *Bruton* and Fed. R. Evid. 801(D)(2)(e) Materials and Request for Pretrial Determination of Alleged Co-Conspirator Statements.**

Defendants seek a pretrial hearing on the determination of the admissibility of any co-conspirator statements. Defendants argue that the Court should conduct a pretrial hearing on these matters because the Government is expected to produce voluminous statements at

trial and that a pretrial hearing would be more efficient use of the Court's time. The Government responds that such a hearing would be a waste of judicial resources and would result in a time-consuming mini-trial.

After reviewing the submissions and hearing the arguments of counsel, the Court will **GRANT** Defendants' Motion for a pre-trial hearing. However the Court will use the procedure set forth in *United States v. Hunt*, 272 F.3d 488, 494 (7th Cir. 2001). Therefore, at the pretrial hearing, the Court will allow the Government to establish through evidentiary proffer that (1) there was a conspiracy in existence and (2) the declarant and the defendant against whom the statement were made were members of the conspiracy. If the Government can establish these two prongs by a preponderance of the evidence, then the Court will determine during the course of the trial whether the witness statements were made during and in the furtherance of a conspiracy.

**B. Defendant Renteria's Motion to Suppress Wiretap.**

Defendant Renteria seeks to suppress evidence obtained from the wiretap on Defendant Morgan's phone. The Government has asserted that it does not plan to use any of the evidence from the wiretap. Based on the Government's claims that it will not use any evidence from the wiretap, the Court will **DENY** Defendant's motion as being **MOOT**.

**C. Defendant Ordaz's Motion to Suppress all Evidence Seized During Search of Defendant and his Home.**

Defendant Ordaz seeks to suppress evidence obtained from the search of his home. In support of his motion, Defendant Ordaz argues that there was not sufficient, credible evidence to support the search warrant. Specifically, Defendant Ordaz claims that the affidavit in support of the search warrant lacked probable cause to establish that the residence contained illegal items. Defendant Ordaz also asserts that the affidavit contained inconsistent statements by the confidential informant that should have called into question the veracity of the confidential informant's statements.

The Government responds that in considering the affidavit as a whole, it is clear the affidavit established probable cause. The Government further argues that the alleged inconsistencies with the affidavit do not detract from the information in the affidavit as a whole. Finally, the Government argues that even if the affidavit was lacking in probable cause, the evidence should not be suppressed because the executing officer was acting in good faith reliance on a judicially issued search warrant.

The Court's review of the probable cause of the affidavit is based on the "totality of the circumstances" made known to the magistrate. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). The Court does not review the magistrate's determination of probable cause de novo.

*Id.* at 236. "A magistrate's determination of probable cause should be paid great deference by reviewing courts." *Id.* (citations and quotation marks omitted). The Court asks whether, "under the totality of the circumstances presented in the affidavit, the magistrate judge had a substantial basis for determining that probable cause existed." *United States v. Renigar*, 613 F.3d 990, 994 (10th Cir. 2010)(citations and internal quotation marks omitted). "The test is whether the facts presented in the affidavit would warrant a [person] of reasonable caution to believe that evidence of a crime will be found at the place to be searched." *Id.* (citing *United States v. Artez*, 389 F.3d 1106, 1113 (10th Cir. 2004).

The Court finds that affidavit contained a sufficient nexus between Defendant Ordaz's home and the items seized. The affidavit contains evidence of packages being sent to Defendant Ordaz's home, which match up with the Western Union and MoneyGram transactions to known gang members in Fresno, California. There was also the yellow notepad that listed drug transactions and drug debts, which was represented to be located at Defendant Ordaz's residence. The Court does not believe that there are inconsistencies in the affidavit, rather the confidential informant is saying separate things regarding the storage and location of the guns. The Court does not feel compelled to search for an inconsistency, when the face of the affidavit can be read and understood consistently.

Additionally, the Court finds that the executing officer acted in good faith. There is no indication of intentional falsehood or false information in the affidavit. Further, there is no evidence to establish that the magistrate converted from his role as an independent judicial officer, to a rubber stamp for law enforcement.

For all of the above stated reasons, the Court finds that in reviewing the totality of circumstances, there was probable cause to believe that drug related items would be found at Defendant Ordaz's home. Additionally, the Court finds that the executing officer acted in good faith in executing the search warrant on Defendant Ordaz's home. For these reasons, Defendant Ordaz's Motion to Suppress is **DENIED**.

### D. Defendant Ordaz's Motion to Exclude all Reference to Gang Affiliation and Prior Criminal Record and/or Prior Accusations Against Defendant Ordaz.

Defendant Ordaz seeks to exclude any evidence of gang affiliation, including photographs, artwork, pictures, statements, etc. Defendant also asks the Court to exclude any prior criminal record or alleged criminal acts by Defendant Ordaz. The Government responds that it does not intend on introducing any prior criminal history associated with Defendant Ordaz's membership or affiliation with the Fresno Bulldog gang, unless relevant for impeachment purposes. However, the Government argues that evidence of the gang affiliation is interrelated to the drug conspiracy. The Government argues that the gang

relationship was utilized to control and intimidate those who distributed methamphetamine for Defendants. The Government also argues that the gang affiliation illuminates the relationship between the Defendants, not only in the distribution of methamphetamine, but also their knowledge and relationship to each other as co-conspirators engaged in trafficking drugs.

The Court finds that evidence regarding the gang affiliation is relevant associational evidence in this case. Therefore, Defendant's Motion to Exclude Evidence of Gang Affiliations is **DENIED**. However, if there are items that are cumulative, or particular items that are more prejudicial than probative, then the Court will allow Defendants an opportunity to object to those on an item by item basis.

### E. Defendant Renteria's Motion to Disclose the Identities of Informants.

Defendants seek the disclosure, identity and location of confidential informants (CIs) and equal access to the CIs for purposes of an interview and to determine if the CIs posses any exculpatory evidence. The Government responds that it will follow its obligations under the Discovery Order in this case.

At the hearing, counsel for Defendant Rentaria agreed to follow the Discovery Order regarding this issue. Based on the arguments of counsel at the hearing, Defendant's Motion to Disclose the Identities of Informants is **DENIED**.

**F. Defendant Renteria's Oral Motion for Grand Jury Transcripts.**

At the hearing in this matter, Defendant Renteria made an oral Motion for Grand Jury Transcripts. In response, the Government stated that if witnesses testified before the Grand Jury and were going to testify during the course of the trial, then the Government would disclose those witnesses in accordance with the Discovery Order governing this case. Based on the arguments of counsel during the hearing, Defendant's Renteria's Oral Motion for Grand Jury Transcripts is **DENIED**.

Dated this 7th day of June, 2011.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE