DARREL L. FUN
United States Attorney's Office
District of Wyoming
P. O. Box 22211
Casper, WY 82602-5010
(307) 261-5434

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | Criminal No. **10-CR-329-F** |
| ) | |
| v. ) | |
| ) | |
| **ROBERT VELASQUEZ, et al.,** ) | |
| ) | |
| Defendants. ) | |

### GOVERNMENT'S MOTION FOR CONTINUANCE OF TRIAL AND *JAMES* HEARING

COMES NOW, the United states of America, by and through its attorney, Darrell L. Fun, Assistant United States Attorney for the District of Wyoming, and respectfully moves the court for an Order continuing the jury trial presently set for June 13, 2011 at 8:30 a.m and for the *James* Hearing set for June 8, 2011, at 1:00 pm.  As grounds for this motion your movant respectfully submits the following:

On November 19, 2010, the grand jury returned a ten count Indictment against eight Defendants: Robert Velasquez Jr., Raymundo Correa, Miguel Angel Ordaz, Daniel George

Renteria, Kimberly Maire Perkins, John Michael Morgan, Alex Garcia, Jr. and Danny Hernandez. The Indictment charged conspiracy to possess with intent to distribute, and to distribute methamphetamine; conspiracy to launder money; distribution of methamphetamine, possess with intent to distribute methamphetamine; and several counts of possession of a firearm in furtherance of a drug trafficking crime.  Warrants were issued for all the defendants on November 19, 2010. On January 12, 2011,  the grand jury returned a fourteen count Superseding Indictment against the eight Defendants.  The Superseding Indictment charged conspiracy to possess with intent to distribute, and to distribute methamphetamine; conspiracy to launder money; distribution of methamphetamine; possess with intent to distribute methamphetamine; several counts of possession of a firearm in furtherance of a drug trafficking crime; possession of a machinegun in furtherance of a drug trafficking crime; and possession of a firearm not registered in the National Firearms and Registration Transfer Record.  Warrants were issued for all defendants on January 13, 2011.

All the Defendants were arrested and arraigned in this case by March 2, 2011, with the exception of Raymundo Correa.  Defendant Correa had not been arrested.

A jury trial was originally scheduled for January 31, 2011.  On January 7, 2011, a order declaring the case complex was entered [Doc 64] with the order resetting the trial date for June 13, 2011, for all defendants with the exception of Defendant Correa who still had not been arrested.

June 8, 2011, Defendant Correa was arrested in Fresno, California, by Fresno County Law Enforcement . The United States learned about the arrest of Defendant Correa at approximately 8:26 am on June 8, 2011. Defendant Correa has not had his Rule 5 hearing in California. The government expects Defendant Correa to arrive in the District of Wyoming for arraignment in the next two to three weeks. Defendant Correa's trial must commence within 70 days -- but not less than 30 days -- of his first appearance with counsel in the District of Wyoming. *See* 18 U.S.C. § 3161(c)(1) and (2). Proceeding with the June 13, 2011, trial date for obvious reasons may not provide Defendant Correa with sufficient time to prepare for trial and is in clear violation of 18 U.S.C. § 3161(c)(2), which provides that trial cannot commence less than thirty days from a defendant's entry of appearance before this court. Moreover, 18 U.S.C. § 3161(h)(6) allows for a reasonable period of delay when defendants are joined for trial with a codefendant for whom the time for trial has not run and no motion for severance has been granted.

No motion for severance of defendants has been filed in this case. The Tenth Circuit law is well established in the area of severance of defendants. Defendants who are jointly charged are not entitled to separate trials as a matter of right; generally persons who are indicted together should be tried together. *United States v. Green*, 115 F.3d 1479 (10th Cir. 1997). *See also, Bailey v. United States*, 410 F.2d 1209, 1213 (10th Cir. 1969); *United States v. Edwards* 69 F.3d 419, 434 (10th Cir. 1995). This practice serves judicial economy as the same evidence would not have to be presented and the same witnesses would not have to be called in several different trials on the same issues. Therefore, the United States requests a continuance for the trial based upon the

recent arrest of Defendant Correa.  The United States also request a continuance of the *James* Hearing that is set for June 8, 2011, at 1:00 pm.  It is reasonable to assume that Defendant Correa will request a *James* Hearing in this matter.  Conducting the scheduled *James* Hearing without the presence of Defendant Correa would cause duplicate efforts to the court, to all defense counsel as well as to the United States.  Continuing the *James* Hearing until Defendant Correa is in the District of Wyoming serves judicial economy.

"[T]he efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial must be considered."  *United States v. Mayes*, 917 F.2d 457, 460; see also *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986); *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990).  The superseding indictment in this case charges a conspiracy to possess with intent to distribute methamphetamine, along with other related charges, against all of the Defendants.  Clearly, it would be an "efficient use of prosecutorial and judicial resources" to continue the trial and the *James* Hearing in the above matter until such time as Defendant Correa is returned to the District of Wyoming.

18 U.S.C. § 3161(h)()(A) directs the court that it may consider a continuance if the court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendants in a speedy trial.  18 U.S.C. § 3161(h)(8)(B) lists several factors that the court can consider to ascertain if the ends of justice are best served by a continuance.  18 U.S.C. § 3161(h)(7)(B)(iv) asks the court to consider whether failing to grant a continuance would deny

counsel for the defendant or for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A) further provides that a continuance may be granted when the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.  Since the last joined co-defendant has not been arraigned and no severance has been granted, a reasonable delay is allowed under (h)(6) and (c)(1) in order to allow counsel for Defendant Correa time to prepare.

WHEREFORE, it is respectfully requested that the Court issue an order continuing the jury trial now set for June 13, 2011 at 8:30 a.m. and the *James* Hearing set for June 8, 2011, at 1:00 pm and resetting this matter for jury trial and the *James* Hearing at a later date and time convenient to all parties.

DATED this 8th day of June, 2011.

        Respectfully Submitted,

        CHRISTOPHER A. CROFTS
        United States Attorney

By: _____
     DARRELL L. FUN
     Assistant United States Attorney