Darrell L. Fun
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY  82602-5010
307-261-5434

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **Criminal No. 10-CR-329-F** |
| **ROBERT VELASQUEZ, et al** | ) |
| | ) |
| Defendants. | ) |

## GOVERNMENT'S MOTION FOR RECONSIDERATION
## TO DISCLOSE WITNESS LISTS

COMES NOW the United States, by and through its attorney, Darrell L. Fun, Assistant United States Attorney for the District of Wyoming, and files the following motion for reconsideration of the Court's order to disclose the government's witness list to defense counsel.

On September 20, 2011, the Court held a motions hearing in this case. During a pretrial conference, at the suggestion of defense counsel, the court ordered that: 1) the government provide to the defense counsel a list of the government's witnesses (witness list), and 2) that the government also provide the defense with advance notice the day before as to which witnesses will be called the

following day (daily witness list), and 3) a government's exhibit list. The government objected but the court overruled the objection. The government now requests that the court reconsider requiring the government to provide defense counsel with a witness list and daily witness list.

Providing a witness list in a criminal case is not provided for in Rule 16, FED.R.CRIM.P., the *Jencks* Act, 18 U.S.C. § 3500, or any other law. The court must reconsider it's ruling on the disclosure of the government's witness list.

It has never been the practice of this United States Attorney's Office (or any other of which we are aware) to furnish witness lists, nor, generally, has this court required such lists. The reason is obvious; the danger that a witness can be intimidated. The Defendants and their associates are are connected to a known violent gang. During the investigation in this case, several of the witnesses that are scheduled to testify, were violently beaten by some of the Defendants during their association with these Defendants. These witnesses and other witnesses have indicated their fear of these Defendants. Further, in criminal cases, unlike civil cases, it is impossible to do a witness list with precision. The United States almost never knows in advance of trial what the defense will be to a criminal charge, and it is therefore impossible to know in advance each and every person who will need to be called as a witness until the defendant has revealed, by cross-examination, opening statements, or otherwise, what the defense to the charge will be. In addition, the nature of the criminal justice process is such that investigations frequently go on until the trial date and sometimes continue during the trial itself.

Thus, the government's "witness list" is necessarily dynamic in nature, not static, and is not truly final in any sense of the word until the government has rested at the conclusion of its rebuttal case.[1]

The United States therefore objects to this request by Defendant Rosalez for several reasons. First, the United States asserts that this contemplates discovery well beyond that authorized by Rule 16. The request - if granted - would require the government to create a list, the value of which would be illusory at best, and the effect of which would be to invade the attorney work product of the United States in direct contravention of Rule 16(a)(2). Moreover, the United States believes that there is simply no authority for a court to order discovery beyond that contemplated by the explicit terms of Rule 16. Simply put, had either the Congress or the Supreme Court intended this kind of discovery to be available, a provision authorizing it would surely have been set forth in the rule itself. In *United States v. Atisha*, 804 F.2d 920, 923 (6th Cir. 1986), the court stated:

> [w]hile Fed. R. Crim. P. 16 places some requirements on the government to disclose evidence to a defendant, the government is not compelled by statute or the constitution to disclose evidentiary details or "to explain legal theories upon which it intends to rely at trial."

Importantly, the Tenth Circuit and the Supreme Court have made it clear that there is no right to the pretrial disclosure of witnesses.. *See Weatherford v. Bursey*, 429 U.S. 545 91977),where the

---

[1] In fact, the 1974 Advisory Committee notes regarding Rule 16 related that the House version of the rules endorsed the principle that witness lists were discoverable. The Senate version, however, did not contain a similar provision. The conference committee opted for the Senate version and noted that it was not "in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial." Rule 16, Conference Committee Notes, House Report No. 94-414 (C) (1974).

defendant claimed that when the prosecution first revealed the existence of an eye-witness at trial, the defendant was prejudiced and her conviction should therefore be reversed pursuant to the due-process clause and the cases decided under *Brady v. Maryland*, 373 U.S. 83 (1963). In addressing this claim, the Supreme Court stated:

> [i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably. There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one; as the court wrote recently, 'the due-process clause has little to say regarding the amount of discovery which the parties must be afforded . . . .' *Brady* is not implicated here where the only claim is that the state should have revealed that it would present the eye-witness testimony of a particular agent against the defendant at trial.

*Weatherford v. Bursey*, 429 U.S. at 559-60 (citations omitted).

The Tenth Circuit has made it very clear that witness lists are not discoverable in non-capitol cases. In *United States v. Nevels*, 490 F.3d 800 (10th Cir. 2007), the court stated:

> It is settled law in this circuit that, in the absence of a statutory or constitutional requirement, ... there [is no] requirement that the government disclose its witnesses in any manner, except in a case where trial is for treason or other capital offense." (citations omitted).
> The Supreme Court has established that no constitutional right to pretrial discovery of witnesses exists in non-capital cases. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) (holding that a defendant in a non-capital case has no right to discover lists of prospective government witnesses); *see also United States v. Russell*, 109 F.3d 1503, 1510 (10th Cir.1997) ("In noncapital cases, moreover, there is no constitutional right to the pretrial disclosure of witnesses."). As *Weatherford* states, "the Due Process Clause has little to say

> regarding the amount of discovery which the parties must be afforded." 429 U.S. at 559, 97 S.Ct. 837. Neither does this amount to a *Brady* violation. . .
>
> No statute or rule, moreover, requires pretrial disclosure of non-expert witnesses. Federal Rule of Criminal Procedure 16 provides limited discovery obligations on behalf of prosecutors. But it does not entitle defendants to discover the identity of government non-expert witnesses before trial. *Russell*, 109 F.3d at 1510. Under Rule 16(a)(2), a defendant may only discover statements made by prospective government witnesses as provided under the *Jencks* Act, 18 U.S.C. § 3500 (1976). The *Jencks* Act entitles a federal criminal defendant to obtain any pretrial statement and report made by a government witness, but only after the witness has testified on direct examination at trial. *United States v. Metropolitan Enterprises, Inc.*, 728 F.2d 444, 451 (10th Cir.1984).

*United Stats v. Nevels*, 490 F.3d at 804.

*See. United States v. Lewis*, 594 F.3d 1270, 1280 (10th Cir. 2010)(no constitutional or statutory right to pretrial disclosure of witness lists in non capital cases).

Prior to *Weatherford*, the court in *United States v. Bolden*, 514 F.2d 1301, 1312 (D.C.Cir.1975), held, that under *Brady* the prosecution has no duty to disclose its witness list prior to trial in a noncapital case, citing the provision in 18 U.S.C. § 3432 that a person charged with a capital offense "shall ... be furnished with ... a list ... of the witnesses to be produced on the trial for proving the indictment," and noting the defeat in 1975 of a proposal to amend Federal Rule of Criminal Procedure 16 to require disclosure of witness lists. *See United States v. Metropolitan Enterprises, Inc.*, 728 F.2d 444, 451 (10th Cir. 1984). Rule 16 provides for disclosure by the prosecution or defense of statements, documents, reports, objects, and other items or information in particular circumstances, as well as for regulation of discovery by the district court. Names of

witnesses are not listed as subject to disclosure. FED.R.CRIM.P. 16. *See United States v. Lewis*, 594 F.3d 1270, 1280 n.4(10th Cir. 2010).

The court held in *United States v. White*, 116 F.3d 903, 918 (D.C.Cir.1997), citing *Weatherford* and Criminal Rule 16, that "[t]he constitutional right to cross examine has never been held to encompass a right to pretrial disclosure of prosecution witnesses." *See also United States v. Nevels*, 490 F.3d 800, 803 (10th Cir.2007); *United States v. Edwards*, 47 F.3d 841, 843 (7th Cir.1995); *United States v. Alessi*, 638 F.2d 466, 481 (2d Cir.1980) and *United States v. Edmonson*, 659 F.2d 549, 551 (5th Cir.1981). "[T]he right to confrontation is a trial right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination," *Pennsylvania v. Ritchie*, 480 U.S. 39, 52, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (plurality opinion), and "does not create a right to pretrial discovery," *United States v. Mejia*, 448 F.3d 436, 458 (D.C.Cir.2006). *See United States v. Wilson*, 605 F.3d 985, 1003 (D.C.Cir.2010); *United States v. Tarantino*, 846 F.2d 1384, 1415-16 (D.C.Cir.1988).

Further, in *White* the court held that precluding pretrial discovery of the prosecution's witness list does not automatically infringe a defendant's right to present a defense, especially where "security concerns for the witnesses plainly militated against it." *White*, 116 F.3d at 918. The court reasoned that the district court's denial of a defendant's motion to discover the prosecution's witness list was within its discretion because the defendant had "offered no special reason in favor of disclosure" and because "potential witnesses had been threatened, assaulted, even murdered." *Id.* at 913, 918. Other

circuits are in accord. *See Clark v. Ricketts*, 958 F.2d 851, 855 (9th Cir.1991); *United States v. Muse*, 633 F.2d 1041, 1042 n. 1 (2d Cir.1980); *Caldwell v. Minnesota*, 536 F.2d 272, 273-74 (8th Cir.1976); *United States v. Alston*, 460 F.2d 48, 51-52 (5th Cir.1972); *United States v. Palermo*, 410 F.2d 468, 472 (7th Cir.1969).  As previously noted, concerns about witness security contributed to the 1975 defeat of a proposed revision of Criminal Rule 16 that would have required pretrial disclosure of prosecution witnesses, because such disclosure was considered "not in the interest of the effective administration of criminal justice" due to "[d]iscouragement of witnesses and improper contacts directed at influencing their testimony." H.R.Rep. No. 94-414, at 12 (1975) (Conf.Rep.), *reprinted* in 1975 U.S.C.C.A.N. 713, 716. FN7.

   The government has legitimate concerns about the disclosure of the witness list in this case. The Defendants are known associates and members of a violent street gang and have a histories of violence. And in addition there is no statutory or constitutional authority that provides for the disclosure of witness lists, much less a daily witness list.

WHEREFORE, the government requests the Court grant the government's request and withdraw the previous order to produce and disclose a witness list and a daily witness list to defense counsel.

**DATED** this 22nd day of September, 2011.

    Respectfully submitted,

    CHRISTOPHER A. CROFTS
    United States Attorney

By: _____
    DARRELL L. FUN
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 22nd day of September, 2011, a true and correct copy of the foregoing document was served upon Counsel of Record via CM/ECF or Court's Electronic Filing System.

_____
UNITED STATES ATTORNEY'S OFFICE