FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 26 2011

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No. 10-CR-329-F |
| ROBERT VELASQUEZ, JR, et al., | |
| Defendants. | |

### ORDER ON PRETRIAL MOTIONS

This matter is before the Court on various Motions filed by Defendants and the Government in this case. The Court having heard oral arguments and being fully informed in the premises, FINDS and ORDERS as follows:

**1. Defendant Correa's James Hearing**

On August 9, 2011, Defendant Correa filed his Motion for *James* Hearing. Defendant Correa sought a pre-trial hearing on the determination of the admissibility of any co-conspirator statements. However, rather than having a full *James* hearing on the evidence, the Court used the procedure set forth in *United States v. Hunt*, 272 F.3d 488, 494 (7th Cir.

2001), requiring the Government to offer evidence that a conspiracy existed and that the Defendant Correa was a member of the conspiracy.

The Court held the pre-trial evidentiary hearing on September 20, 2011. At that hearing, the Government presented testimony from Officer Michael Hall, who was assigned to the Department of Criminal Investigations (DCI) from the Powell Police Department from July 2009 through June 2011. Agent Hall testified regarding the investigation into the activities of Defendant Correa related to the charged methamphetamine distribution ring. Agent Hall testified that in January 2010 in discussion with a confidential informant (CI), that he learned that the CI was selling methamphetamine at the direction of Defendant Velasquez and that males named "Ray-Ray" and "T" or "Tino" were the suppliers from Fresno, bring the methamphetamine to Worland, Wyoming. The CI stated that she had met "Ray-Ray" and "Tino" in Ogden, Utah on one occasion and that "Ray Ray" and "Tino" then started coming to Worland, Wyoming and brought methamphetamine with them. Officer Hall explained that in reviewing the wire transfers, they consistently found the name Raymundo Correa. Officer Hall testified that they then contacted the gang unit in Fresno and received information on Raymundo Correa that matched up with the information provided about "Ray-Ray" from the CI. Investigators were also able to determine that Correa was the recipient of wire transfers from Mr. Renteria and Mr. Ordaz and some other non-indicted

individuals. Investigators preliminarily determined that Correa had received $24,758.00 in money transfers from May 2009 to September 2009.

Based on this evidence, the Court finds that the Government has proffered sufficient evidence to establish a conspiracy in which Defendant Correa was involved. Therefore, the Court will conditionally admit the statements provided by the Government, subject to the Government proving the existence of a conspiracy, that the declarants and Correa were members of the conspiracy, and that the offered statements were made by co-conspirators in furtherance of the conspiracy.

IT IS ORDERED that the Court finds the Government's proffer in this case has established the existence of a conspiracy and that Defendant Correa was part of the conspiracy. The Court will conditionally admit the hearsay statements of co-conspirators, subject to final determination at trial.

**2. Defendant Correa's Motion to Prohibit Identification Testimony**

Defendant Correa filed his motion to prohibit the Government from introducing evidence that a witness identified Defendant Correa from a photograph. Defendant Correa claims that the Government failed to adhere to the line-up procedures because the witness was only shown Correa's photograph.

At the hearing the Government presented evidence regarding the facts and circumstances surrounding the identification from the photograph. At the conclusion of the evidence on this issue, Defendant Correa acknowledged that the identification was not really a lineup, where there was danger of misidentification.

Defendant Correa's Motion is DENIED IN PART. The Court will deny Defendant's motion to the extent that it seeks to prohibit an in court identification of this witness. However, the Court will reserve ruling on the admission of the photographic identification until such time as the issue comes up at trial.

**3. Defendant Ordaz's Motion to Compel Discovery and Production of Documents Related to Scientific Tests and Experiments Pursuant to Rule 16 for the Fed. R. Crim. Pro. and the Discovery Order.**

Defendant Ordaz seeks to obtain all scientific tests and experiments related to the testing done by Mr. Goodby and Ms. Huntington. Defendant Ordaz received the scientific tests and experiments performed by Mr. Joshua Williams pursuant to a subpoena. In this motion Defendant Ordaz asserts that he seeks to obtain scientific tests and experimental documents used by Government experts Ms. Huntington and Mr. Goodby, including wet chemical/dry chemical testing.

Defendant Ordaz claims that these reports are necessary to allow his experts to review the testing, so that he can be prepared to cross-examine the Government's experts at trial. The Government argues that it provided the laboratory examination reports and curriculum vitaes and Defendant Ordaz is not entitled to other information from the Government, but would need to subpoena those agencies, and that Defendant Ordaz does not have standing to make such requests because the drugs in question did not belong to Defendant Ordaz.

Defendant Ordaz's Motion to Produce Records is DENIED. The Court finds that the tests requested by Defendant Ordaz are not relevant to him as a defendant in this case. Defendant Velasquez's and all other Defendant's oral motion to join Defendant Ordaz's motion is DENIED as untimely. However, the Court will encourage the Government to contact the DCI lab to determine what results are available and to facilitate Defendants in seeking those results.

**4. Defendant Renteria's Motion for Disclosure of *Brady/Giglio* Information and to Compel Discovery.**

Defendant Renteria seeks disclosure of *Brady/Giglio* material and for early disclosure of *Jencks* material. Defendant Renteria claims that disclosures of this evidence should be made immediately so that defense preparations can be made. *Brady v. Maryland, 373 U.S. 83 (1963),* requires the Government to produce any evidence that is material to the guilt or

innocence of the defendant. *Giglio v. United States, 405 U.S. 150 (1972)* requires that any information regarding the credibility of a witnesses whose testimony is material shall be provided to the defendants. The *Jencks Act* requires the Government to produce at trial, after a witness has testified, any previous statements given by that witness. The Discovery Order in this case requires disclosure of *Brady, Giglio* and *Jencks* material as required by law. However, the Order also provides that at least 10 days prior to trial, the Government will make available, at its discretion, materials it has identified as being subject to the *Jencks Act*.

Defendant Renteria's Motion is DENIED IN PART AND GRANTED IN PART. The Court will order the Government to disclose the identity of particular confidential informants whose identities are requested by Defendant Renteria. The remainder of the motion is DENIED.

**5. Government's Motion for a Pretrial Determination of the Admissibility at Trial of the Anticipated Opinion Testimony by Chemical Analysts Benjamin Miller and Brian Starbuck and request for Daubert Hearing** is DENIED.

**6. Renteria's Motion to Exclude Late Discovery.**

Defendant Renteria file a motion seeking to exclude discovery that was produced after the date of the setting of the previous trial in this matter.

After considering the motion and oral arguments, Defendant Renteria's Motion is DENIED. The Court finds that the motion fails to provide a basis for the exclusion of the recently provided discovery.

**7.    Defendant Ordaz' Motion for Two Days Notice of Government Experts** is GRANTED.

**8.    Defendant Velasquez's Renewed Motion for Additional Peremptory Strikes** is DENIED IN PART and GRANTED IN PART. Defendant Velasquez asks the Court to provide six peremptory strikes for each defendant. Fed.R.Crim.P. 24(b) provides that, for offenses punishable by imprisonment of more than one year, "the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges." The Tenth Circuit has stated that "when several defendants are indicted and tried together, they have a right to no more challenges than a single defendant." *United States v. Stidham*, 459 F.2d 297, 299 (10th Cir.), *cert. denied*, 409 U.S. 868, 93 S.Ct. 168, 34 L.Ed.2d 118 (1972). However, to ensure that Defendants are able to empanel an impartial jury, the Court will allow Defendants a combined fourteen (14) strikes and the Government with eight (8) strikes.

**9. Government's Motion for Reconsideration** is DENIED. The Government has asked the Court to reconsider its order requiring the Government to disclose, on the first day of trial, its witness list and exhibit lists to defense counsel and that each trial day the

Government provide defense counsel with a list of its witnesses for the following day. The Government asserts concerns about providing these lists because it fears witness intimidation. The Government states that the witnesses in this case have indicated their fear of Defendants.

First, the Court would remind all parties that local criminal rule 12.1 requires parties to provide to the Court, courtroom deputy and court reporter at the commencement of trial a list of witnesses they expect to call and the exhibits that they expect to submit. While this rule does not require disclosure to opposing counsel, the Court has required this disclosure to help with the orderly procession of this trial. Additionally, at the time of voir dire the Court will require all parties to provide prospective jurors with a list of all witness that they may call during the trial.

The Court finds that the Government's objection in this case is without merit. To the extent that the Government is concerned about the witness safety issues, the Court will ORDER that counsel for Defendants are not to disclose the witness lists and exhibits lists to their clients.

Dated this 26 day of September, 2011.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE