FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT 04 2011

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10-CR-00329-F |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT VELASQUEZ, JR., et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR MISTRIAL

**COMES NOW** Defendants, Robert Velasquez, Jr. and Alex Garcia, Jr., by and through their attorneys, Vince Horn and Jill Higham, respectively, and move this Honorable Court to enter an Order declaring a mistrial. In support of this motion, Defendants Velasquez and Garcia state the following:

On September 30, 2011, shortly after this Court sent Defendants' trial into recess for the weekend, the United States Marshals Service began the process of escorting Defendants from the Courtroom to their respective detention facilities. As the marshals escorted Defendants in a courthouse elevator, jurors paneled in this proceeding witnessed Defendants in custodial restraints, namely shackles and handcuffs. Almost immediately thereafter, the United States Marshals Service notified defense counsel that multiple jurors had witnessed Defendants in custodial

restraints.

"The criminal process presumes that the defendant is innocent until proved guilty. *Deck v. Missouri*, 544 U.S. 622, 630 (2005); *see Coffin v. United States*, 156 U.S. 432, 453 (1895) (presumption of innocence "lies at the foundation of the administration of our criminal law"). "Visible shackling undermines the presumption of innocence and the related fairness of the factfinding process. *Deck, supra*, at 630. The use of visible restraints is prejudicial in nature and "almost inevitably affects adversely the jury's perception of the character of the defendant. *See id.* at 632-633 (citing *Zant v. Stephens*, 462 U.S. 862, 900 (1983). More specifically, the Supreme Court has deemed visible shackling to be inherently prejudicial, *see* Deck, *supra*, at 635 (sentencing); *Illinois v. Allen*, 397 U.S. 337, 344 (1970) (trial), because it undermines fundamental legal principles of constitutional origin, including (1) the presumption of innocence; and (2) the dignity of the trial process. *Deck*, 544 U.S. at 630-32.

In the present case, multiple jurors witnessed Defendants shackled and under the heavy guard of United States Marshals. It should be noted that prior to voir dire, and in response to the United States Marshals' concerns about courtroom security, this Court ruled against having the Defendants stand trial in restraints. In fact, the Government shared defense counsel's concerns about the prejudicial effects of having Defendants wear restraints in the courtroom. Unfortunately, the encounter between Defendants and jurors undermined those efforts to minimize the risk of prejudice.

In short, the Defendants' presumption of innocence has eroded, thereby undermining their Constitutional right to a fair trial by an impartial jury.

**WHEREFORE**, the Defendants, Robert Velasquez, Jr. and Alex Garcia, Jr., respectfully move this Honorable Court to issue an order declaring a mistrial.

DATED this 3rd day of October, 2011.

                                Respectfully submitted,

                                */s/ Vince Horn*
                                Attorney for Robert Velasquez, Jr.

                                */s/ Jill Higham*
                                Attorney for Alex Garcia, Jr.