

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ROBERT VELASQUEZ, JR, et al., Defendants. | Case No. 10-CR-329-F |

### ORDER ON POST TRIAL MOTIONS

This matter is before the Court on Fed. R. Crim. P. Rule 29 Motions for Judgment of Acquittal filed by Defendants Garcia, Ordaz and Renteria. The Court will postpone consideration of Mr. Velasquez's motion pending appointment of new counsel. The Court having heard oral arguments and being fully informed in the premises, FINDS and ORDERS as follows:

After a lengthy jury trial in this case, Defendant Garcia was found not guilty on Count One of the Superceding Indictment - conspiracy to distribute methamphetamine and guilty on Count Two of the Superceding Indictment - conspiracy to launder money. Defendant Renteria was found guilty of Counts One and Two, and not guilty on Count Nine - possession

of a firearm in furtherance of a federal drug trafficking crime. Defendant Ordaz was found guilty on Counts One and Two, Count Ten - possession of a firearm in furtherance of a federal drug trafficking crime, Count Eleven - possession with intent to distribute a mixture with a detectable amount of methamphetamine in excess of 50 grams or more of mixture or substance containing a detectable amount of methamphetamine, Count Twelve - possession of a firearm in furtherance of federal drug trafficking crime, Count Thirteen - possession of a machine gun in furtherance of a federal drug trafficking crime, and Count Fourteen - possession of a firearm not registered to him in the National Firearms Registration and Transfer Record.

Defendants now seek post trial motions for judgment of acquittal generally contending that the evidence was insufficient to sustain the convictions of guilty.

## DISCUSSION

In reviewing a challenge to the sufficiency of the evidence, the Tenth Circuit follows a well established test:

> [T]he test is whether the evidence both direct and circumstantial, together with reasonable inferences to be drawn therefrom, is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt.

*United States v. Sanders*, 928 F.2d 940, 944 (10th Cir. 1991) (internal quotations and citation marks omitted). "A jury may-and often must-consider circumstantial evidence in determining whether the Government has established the elements of [an] . . . offense." *United States v. Winder*, 557 F.3d 1129, 1137 (10th Cir. 2009) (citation and quotation marks omitted). "In considering whether the evidence is sufficient to support the jury's verdict, we remain mindful that circumstantial evidence is entitled to the same weight as direct evidence." *Id.* (citation omitted). "To sustain a criminal conviction, the Government's evidence must be substantial or raise more than a mere suspicion of guilt, but it need not disprove every other reasonable theory of the case." *Id.* at 1137-38 (citation and quotation marks omitted).

The critical inquiry is not whether the jury was properly instructed, but whether the "evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This "inquiry does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* at 318-319 (citations and quotation marks omitted). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* In conducting this review, the court is not to "weigh conflicting evidence or

consider witness credibility, as that duty is delegated exclusively to the jury." *United States v. King*, 632 F.3d 646, 650 (10th Cir.2011) (citation omitted). The court presumes "the jury's findings in evaluating the credibility of each witness are correct." *United States v. Evans*, 318 F.3d 1011, 1018 (10th Cir.2003)(quotation and citation omitted).

### 1. Defendant Garcia's Motion for Judgment of Acquittal

Defendant Garcia argues that the jury's finding that he was not guilty on Count One, the drug conspiracy count, negates the finding of guilty on Count Two of conspiracy to launder money. The crime of money laundering under § 1956(a)(1)(A)(I) requires proof that the defendant 1) conducted or attempted to conduct a financial transaction, 2) which the defendant then knew involved the proceeds of unlawful activity, 3) with the intent to promote or further unlawful activity. *United States v. Torres*, 53 F.3d 1129, 1136 (10th Cir.1995). A drug conspiracy, on the other hand, requires proof that two or more persons, knowing the essential objective of the conspiracy, agreed to violate the Controlled Substance Act. *United States v. Evans*, 970 F.2d 663, 668 (10th Cir.1992). "[D]rug conspiracy need not (although it almost always will) involve the unlawful use of money, and money laundering need not (although it sometimes will) involve unlawful drug transactions."

Certainly in this case it appears that there was an inconsistent verdict. The jury found Defendant Garcia not guilty of the drug conspiracy, but guilty of money laundering for

4

unlawful drug transactions. However it is well established that consistency of verdicts is not required. "The most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt." *U.S. v. Powell*, 469 U.S. 57, 64 (1984)(citing *Dunn v. United States*, 284 U.S. 390 at 393 (1932)). "Inconsistent verdicts therefore present a situation where 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored." *Powell*, 469 U.S. at 65. "Given this uncertainty, and the fact that the Government is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course." *Id.* The fact that inconsistent verdicts may favor the criminal defendant as well as the Government has lead to a refusal to review such convictions in the defendant's favor. *Id.* Courts recognize that such inconsistencies are often the result of "jury lenity." *Id.* "The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable." *Id* at 67.

The United States Supreme Court has also rejected "as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked

against them." *Id* at 66. "Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake." *Id*. Therefore, there is no basis to vacate a conviction because the verdicts cannot be rationally reconciled.

However, "a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts." *Id*. at 67. "This review should not be confused with the problems caused by inconsistent verdicts." *Id*. "This review should be independent of the jury's determination that evidence on another count was insufficient." *Id*.

Therefore, despite the inconsistent verdicts, the question before this Court is whether the evidence was sufficient to convict Defendant Garcia of the charge in Count Two, independent of the jury's determination on Count One. In this case, the objective of the conspiracy was to launder money, that is, to conduct a financial transaction which involved the proceeds of unlawful activity (drug distribution) with the intent to promote or further the unlawful activity. There was sufficient evidence presented with regards to the money-laundering conspiracy: (1) MoneyGram wire-transfer records; (2) testimony and driver's license records showing that Defendant Garcia received wire transfers; (3) testimony from Melissa Morgan that she wired money directly to Defendant Garcia and his girlfriend,

Lynette Cardenas, to pay for drugs and to obtain more drugs, which co-conspirators later received; (4) evidence that other co-conspirators (e.g., Raymundo Correa, William Esquivel (aka Defendant Renteria), Miguel Ordaz and Robert Velasquez) utilized money transfers to Fresno to pay for drugs and obtain more drugs; and (5) testimony that an ounce of methamphetamine cost approximately the same amount of money that was being sent to Defendant Garcia each time.

Regardless of the jury's reasons for finding Defendant Garcia not guilty on the drug conspiracy charge, the jury's finding of guilty on the conspiracy to launder money charge is sufficiently supported by the evidence in this case. Therefore, Defendant Garcia's Motion for Judgment of Acquittal is DENIED.

### 2. Defendant Ordaz's Motion for Judgment of Acquittal

Defendant Ordaz reasserts his argument made during closing arguments, during the jury instruction conference and at several other times during the course of this case that the Government "spiked" or tampered with one of the bags of methamphetamine involved in this case. Defendant Ordaz's chemist, Mr. Brian Starbuck did not testify that the Government "spiked" or tampered with the sample, rather he testified that it was "possible", not even probable, that the sample was contaminated in some way. Mr. Starbuck also testified that he had no familiarity with street drugs and had only worked with pure methamphetamine in

the lab setting and that he had never tested drugs that had been cut with MSM or any other cutting agent. He further acknowledged that the addition of a cutting agent would make the substance not homogenous and could account for differences in test results. While Mr. Ordaz made several arguments that the sample in question was spiked, these arguments were not evidence in this case, only argument that the jury chose not to believe. The Court does not find that Defendant Ordaz's due process rights were violated in any manner by the Government in this case.

The Court finds that there was sufficient evidence to support the jury's verdict regarding drug quantities for Mr. Ordaz on all counts in the Superceding Indictment. For these reasons Defendant Ordaz's Motion for Judgment of Acquittal is DENIED.

3.   **Defendant Renteria's Motion for Judgment of Acquittal.**

Defendant Renteria makes a very general and broad motion that the evidence was insufficient to convict him of the computed drug quantities. The Court finds that this argument is without merit. Witnesses testified that they were involved with getting methamphetamine from Defendant Renteria and Fresno. Kimberly Perkins testified that she received packages from Defendant Renteria containing methamphetamine from Fresno. Jason Lyles testified about getting methamphetamine from Defendant Renteria on a "front", then selling it and paying Renteria and getting more drugs. Melissa and John Morgan

testified to obtaining methamphetamine from Defendant Renteria after Defendant Velasquez went to jail. Candice Kyser also testified regarding Defendant Renteria selling to Jason Lyles. Ms. Kyser also testified about receiving a Grand Prix from Defendant Velasquez, which was to pay Defendant Renteria for a drug debt. There was also evidence that Defendant Renteria wired drug money through MoneyGram to other co-conspirators.

The Court finds that this evidence was sufficient for the jury to find that Defendant Renteria was guilty of conspiracy to distribute methamphetamine in the quantity noted. Defendant Renteria is asking the Court to impermissibly substitute its judgment on the truthfulness of the witnesses' testimony for the jury's determination on these matters. For all these reasons, Defendant Renteria's Motion for Judgment of Acquittal is DENIED.

## CONCLUSION

For all of the above stated reasons, the Court finds that there was sufficient evidence to support the jury's convictions as to Defendants Garcia, Ordaz and Renteria.

IT IS ORDERED that Defendant Garcia's Motion for Judgment of Acquittal is DENIED.

IT IS FURTHER ORDERED that Defendant Ordaz's Motion for Judgment of Acquittal is DENIED.

IT IS FINALLY ORDERED that Defendant Renteria's Motion for Judgment of Acquittal is DENIED.

Dated this 23 day of November, 2011.

_____
NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE