FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAR 02 2012

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBERT VELASQUEZ, JR,

Defendant.

Case No. 10-CR-329-F

**ORDER ON DEFENDANT VELASQUEZ'S MOTION FOR JUDGMENT OF ACQUITTAL**

This matter is before the Court on Defendant Velasquez's Motion for Judgment of Acquittal and Supplemental Motion for Acquittal. The Court having reviewed the briefing, heard oral arguments and being fully informed in the premises, FINDS and ORDERS as follows:

After a lengthy jury trial in this case, Defendant Velasquez was found guilty on Count One of the Superceding Indictment - conspiracy to distribute methamphetamine, Count Two of the Superceding Indictment - conspiracy to launder money, Count Three - distribution of

a mixture or substance containing a detectable amount of methamphetamine, and Counts Five and Six - possession of a firearm in furtherance of a federal drug trafficking crime.

Defendant now seeks post trial judgment of acquittal contending that the evidence was insufficient to sustain the convictions of guilty on Counts Five and Six .

## DISCUSSION

In reviewing a challenge to the sufficiency of the evidence, the Tenth Circuit follows a well established test:

> [T]he test is whether the evidence both direct and circumstantial, together with reasonable inferences to be drawn therefrom, is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt.

*United States v. Sanders*, 928 F.2d 940, 944 (10th Cir. 1991) (internal quotations and citation marks omitted). "A jury may-and often must-consider circumstantial evidence in determining whether the Government has established the elements of [an] . . . offense." *United States v. Winder*, 557 F.3d 1129, 1137 (10th Cir. 2009) (citation and quotation marks omitted). "In considering whether the evidence is sufficient to support the jury's verdict, we remain mindful that circumstantial evidence is entitled to the same weight as direct evidence." *Id.* (citation omitted). "To sustain a criminal conviction, the Government's evidence must be substantial or raise more than a mere suspicion of guilt, but it need not

disprove every other reasonable theory of the case." *Id.* at 1137-38 (citation and quotation marks omitted).

The critical inquiry is not whether the jury was properly instructed, but whether the "evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This "inquiry does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* at 318-319 (citations and quotation marks omitted). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* In conducting this review, the court is not to "weigh conflicting evidence or consider witness credibility, as that duty is delegated exclusively to the jury." *United States v. King*, 632 F.3d 646, 650 (10th Cir.2011) (citation omitted). "In reviewing the evidence we do not weigh conflicting evidence or consider witness credibility, as that duty is delegated exclusively to the jury." *United States v. Hine Van Tieu*, 279 F.3d 917, 921 (10th Cir. 2002)(citation omitted).

**1. Count Five**

Defendant argues that neither the Superceding Indictment nor the jury verdict specified which gun was unanimously found to be possessed in furtherance of the conspiracy

as required to support the charge under 18 U.S.C. § 924(c) in Count Five. Defendant argues that for the Court to uphold the conviction in Count Five, the Court must consider all of the firearms and the circumstances surrounding the possession of the firearm to determine if they were being used in furtherance of drug trafficking.

The Court does not need to go through this analysis however, because the Court finds that the lack of a special verdict form causes a significant issue in this case. The Government provided evidence from several witnesses that Defendant had used firearms in furtherance of his drug activities. Specifically, there was testimony from Amber Bear, Candice Kyser and Celia Downes that Defendant had guns during the course of the conspiracy. Amber Bear testified about Defendant staying at her house and pointing a gun at her, saying that he would kill her if she didn't do as he said and distribute his methamphetamine. There was also significant other evidence related to Defendant's gun use during the conspiracy. However, there was also evidence regarding Defendant's use of the SKS during the drug conspiracy, which formed the basis for Count Six. Without a special verdict form on Count Five, the Court is concerned that the jury may have based its guilty verdict for Count Five, in whole or even in part on the same conduct as Count Six, the possession of the SKS. Defendant cannot be charged on multiple counts for the same criminal behavior. *See United States v. McIntosh,* 124 F.3d 1330, 1336 (10th Cir. 1997). In this case the possession of the SKS on

or about January 21, 2010 and the possession of the SKS during the drug conspiracy, which included the time involved in Count Five would subject Defendant to multiple charges for the same criminal conduct.[1] Without a special verdict form as to Count Five, the Court cannot exclude the possibility that the jury convicted Defendant based on Count Six for his possession and use of the SKS in furtherance of his possession charge. For these reasons, the Court will VACATE the conviction on Count Five.

**2. Trial Testimony Related to Count Six**

Defendant Velasquez also argues that the evidence is insufficient to support the "in furtherance" requirement of 18 U.S.C. § 924(c). Count Six charges that on or about January 21, 2010, Defendant Velasquez, possessed a firearm in furtherance of a federal drug trafficking crime, namely, distribution of methamphetamine. "Merely possessing a firearm does not establish the 'in furtherance' element of § 924(c)(1)(A)." *United States v. Villa*, 589 F.3d 1334, 1341 (10th Cir. 2009)(citation omitted). "Instead, the government must prove that "the weapon furthered, promoted or advanced a drug trafficking crime." *Id.* (citations omitted). "This standard is satisfied if the firearm was kept available for use should it be needed during a drug transaction, and the defendant intended the firearm to be accessible for

[1] Even if the acquittal on Count Six affected this analysis, the testimony related to the use of the SKS would still be problematic, because the use of the SKS was not in furtherance of drug trafficking for the reasons set forth in this opinion.

that purpose." *Id.* (citations and quotation marks omitted). To determine whether a defendant had the necessary intent the Court will consider several factors, including:

> (1) the type of drug activity conducted, (2) the accessibility of the firearm, (3) the type of firearm, (4) the legal status of the firearm, (5) whether the firearm was loaded, (6) the proximity of the firearm to drugs or drug profits, and (7) the time and circumstances under which the firearm was found.

*Id.* "Thus, while possession of a firearm in proximity to drugs does not necessarily show that the firearm was possessed in furtherance of drug trafficking, 'it could be considered by the jury along with other circumstantial evidence to determine whether the defendant intended to possess the weapon 'in furtherance of' drug trafficking.'" *Id.* (citing *United States v. Lott*, 310 F.3d 1231, 1247 (10th Cir.2002)).

In this case, Juan Marques testified that on or around January 21, 2010, Marques was contacted by Defendant Velasquez . (Tr. Tran. Vol. VI, p. 18). Defendant stated that he had some good stuff and Marques should get a hold of him. (*Id.*) Marques had a contract with DCI as a confidential informant, therefore, he contacted DCI and they recorded the call in which Defendant told Marques that he should come to his house at the shop. (*Id.*) When Marques arrived, Defendant was sitting at a table, he pulled out a methamphetamine pipe and asked if Marques wanted some, he said, Marques responded no, he was in a hurry. (*Id.* at p. 19). Defendant asked if Marques wanted cocaine, and Marques said he wanted meth, then

Velasquez said that they would have to go to the other house for that. (*Id.* at pp. 19-20). Velasquez and Marques traveled to another location to get the meth and during the trip they were talking about guns. (*Id.* at pp. 20-25). Defendant and Marques talked about the SKS and, when they got back to the shop, Marques asked to see the SKS. Defendant pulled it out from the table where Defendant had been sitting when he first came and showed it to Marques, including a 30-round clip. (*Id.* at p. 25).

Marques testified that Defendant pulled back the clip and he could tell it was loaded, which made him very nervous. (*Id.*) Marques then testified, based on questions from the United States Attorney that the SKS was sitting by Defendant when he first entered the house that day, that the gun was hanging on the wall, within arm's reach of where Defendant was sitting at the table. (Id. at pp. 25-26). However, there was no testimony that Marques was concerned about the firearm in advance of getting into Velasquez's vehicle to travel to Defendant's home or at anytime until the drug transaction was complete and Marques asked to see the weapon.

In considering all of these facts and circumstances, even in the light most favorable to the Government, a reasonable jury could not find that Defendant used this automatic weapon "in furtherance" of his drug trafficking activities. The weapon was not available to him while they traveled to the location of the drugs and it was not available during the drug

transaction. Marques did not testify that the gun scared or intimidated him upon entering the house. The Court finds that this evidence was insufficient to support the "in furtherance" prong of the 18 U.S.C. § 924(c). For all of these reason, the Court finds that the Conviction for Count Six should be VACATED.

**Conditional Determination on Motion for New Trial**

Defendant also asks that pursuant to Fed. R. Crim. P. 29(d), that if the Court enters a judgment of acquittal, that a new trial should be granted if the judgment of acquittal is later vacated or reversed. The Court will grant Defendant's request on the basis that the Government has mentioned that a new trial may be the appropriate remedy in this case, that the manner in which the firearms were charged could lead to jury confusion, that the number of defendants and the number of charges in this case could have lead to jury confusion and that the Government did not object to a conditional determination on motion for new trial.

**CONCLUSION**

IT IS ORDERED that Defendant Velasquez's Motion for Judgment of Acquittal and Supplemental Motion for Acquittal is GRANTED for Count Six. Count Six is hereby VACATED.

IT IS FURTHER ORDERED Defendant's Motion for Acquittal and Supplemental Motion for Acquittal is GRANTED for Count Five. Count Five is hereby VACATED.

IT IS FINALLY ORDERED Defendant's Conditional Determination on Motion for New Trial is GRANTED, in the event the judgment of acquittal is later vacated or reversed, the Court determines that a new trial should be granted.

Dated this 2nd day of March, 2012.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE